UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS K. BRASHEAR, | No. 2:22-cv-0902 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. PIERCE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff is provided the option to proceed on his Eighth Amendment claims against some defendants, or to delay service of process and file an amended complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . .

. claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff alleges that on July 31, 2021, during medication call, defendant Norse instructed plaintiff to pack his property because he was being sent to administrative segregation for sexual misconduct. After plaintiff returned to his housing in B-yard, building 6, defendants Pierce, Heinkel, Stewart, Pohovich, Saeturn, and Girvin appeared and directed plaintiff to turn around and he was handcuffed. Plaintiff asked about his property, but defendant Stewart told plaintiff not to worry about it, we'll get your property later, but plaintiff never saw his property again. As plaintiff was escorted through A-section, building 6, defendant Norse, control tower officer, shut the living quarters door. As plaintiff was being escorted through the rotunda, defendant Stewart said, "Oh, you like wacking off to our female staff huh," and defendant Saeturn used his right fist and struck plaintiff in the right side of his face. Defendants Stewart and Heinkel picked plaintiff up and slammed him on his head. Plaintiff lost consciousness. When plaintiff came to, defendants Pierce, Heinkel, Stewart, Pohovich, Saeturn, and Girvin began punching, kicking, and kneeing plaintiff while calling plaintiff verbally abusive names. Defendant Heinkel yelled to tower officer Norse to hit her alarm, which she did. Defendants stopped beating plaintiff, who repeatedly requested medical care, which was denied. After the nurse arrived, defendant Pierce said nothing is wrong with plaintiff, and the nurse, taking the hint, documented the CDCR 7214 that no injuries were noted.

At that time, defendants Cary and Navarro began escorting plaintiff, during which plaintiff begged for medical care. Cary and Navarro noted plaintiff's need for medical care but said they could not overstep the lieutenant.

On August 3, 2021, plaintiff was served with an administrative segregation placement

notice, and he informed the nonparty captain about what took place. Later that day, a routine CDCR 7219 form was completed noting plaintiff's injuries (cuts on eyebrow and forehead, swollen left jaw, bruised elbow and ribs, swollen right hand, and blood in left eye), and a use of force video was taken. A health care request form was completed for the blood in plaintiff's eye which was affecting his vision.

Plaintiff alleges violation of his Eighth Amendment rights in connection with defendants' use of excessive force and deliberate indifference to his serious medical needs, as well as deprivation of his personal property without due process. Plaintiff seeks money damages.

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states potentially cognizable Eighth Amendment claims against defendants Pierce, Heinkel, Stewart, Pohovich, Saeturn, and Girvin for alleged use of excessive force. See 28 U.S.C. § 1915A. Plaintiff also states potentially cognizable Eighth Amendment claims against defendants Pierce, Heinkel, Stewart, Pohovich, Saeturn, Girvin, Cary and Navarro based on their alleged deliberate indifference to plaintiff's serious medical needs.

For the reasons stated below, the court finds that the complaint does not state a cognizable due process claim concerning plaintiff's property, or a cognizable Eighth Amendment claim against tower officer Norse.

Property

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff alleges no facts suggesting that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Because plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law. The court concludes that this claim must, therefore, be dismissed as legally frivolous. See 28 U.S.C. § 1915(e)(2).

Defendant Norse

Defendant Norse, a control tower officer, was not personally involved in the alleged use of force or deprivation of medical care. To state a cognizable claim under § 1983, a plaintiff must allege facts showing (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).

Here, the sole allegations specific to defendant Norse, control tower officer, are that she informed plaintiff, over the loud speaker, to pack his property; she later closed the housing unit door, and subsequently, upon Heinkel's request, sounded an alarm. Such allegations are insufficient to state an Eighth Amendment claim. Therefore, the claim against defendant Norse is dismissed with leave to amend.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendants Pierce, Heinkel, Stewart, Pohovich, Saeturn, Girvin, Cary and Navarro, and pursue Eighth Amendment claims against only those defendants, or plaintiff may delay serving any defendant and attempt to state a cognizable claim against defendant Norse.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendant Norse, plaintiff has thirty days so to do. He is not obligated to amend his complaint.

5

If plaintiff elects to proceed forthwith against defendants Pierce, Heinkel, Stewart, Pohovich, Saeturn, Girvin, Cary and Navarro, against whom plaintiff stated a potentially cognizable claim for relief, then within thirty days he must complete and return the appended notice of election form. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Norse, as well as plaintiff's due process claim, without prejudice.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendant Norse are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against such defendant. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state potentially cognizable Eighth Amendment claims against defendants Pierce, Heinkel, Stewart, Pohovich, Saeturn, Girvin, Cary and Navarro. See 28 U.S.C. § 1915A. Within thirty days of service of this order plaintiff may return the attached Notice of Election form choosing to forthwith serve such defendants. If so elected, the court will issue an order directing e-service on such defendants. Defendants will be

7

Case 2:22-cv-00902-KJN   Document 9   Filed 11/15/22   Page 8 of 9

required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective due process claim as well as his Eighth Amendment claim against defendant Norse without prejudice.

5. Failure to comply with this order will result in a recommendation that plaintiff's Eighth Amendment claim against defendant Norse and plaintiff's due process claim be dismissed without prejudice.

Dated:  November 15, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bras0902.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS BRASHEAR,<br><br>    Plaintiff,<br><br>  v.<br><br>C. PIERCE, et al.,<br><br>    Defendants. | No. 2:22-cv-0902 KJN P<br><br>NOTICE OF ELECTION |

Plaintiff elects to proceed as follows:

_____ Plaintiff opts to proceed with his Eighth Amendment claims against defendants Pierce, Heinkel, Stewart, Pohovich, Saeturn, Girvin, Cary and Navarro.

_____ Plaintiff consents to dismissal of his Eighth Amendment claims against defendant Norse and his due process claim, without prejudice.

**OR**

\_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                _____
                Plaintiff